**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY J. CLEMENT,
<u>Plaintiff-Appellant,</u>

v.                                                                No. 96-2479

VIRGINIA BOARD OF BAR EXAMINERS,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-96-363-3)

Submitted: September 25, 1997

Decided: October 10, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carolyn P. Carpenter, CARPENTER & WOODWARD, P.L.C., Rich-
mond, Virginia, for Appellant. Lee Melchor Turlington, Assistant
Attorney General, OFFICE OF THE ATTORNEY GENERAL, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mary J. Clement appeals from the district court's order granting the employer's motion for summary judgment in this Americans with Disabilities Act (ADA) claim under 42 U.S.C.A. §§ 12101-12117 (West 1995). Clement sued the Virginia Board of Bar Examiners (Board), claiming that they had discriminated against her on account of her learning disability. The district court concluded both that Clement's claim was barred by the applicable statute of limitations* and that the Board was entitled to summary judgment on the merits of the claim. The district court held that even assuming her suit was timely filed, the Board had made "reasonable accommodations" for Clement's disability in administering the bar examination. Because she had not passed the bar examination notwithstanding those accommodations, concluded the court, Clement could not show that she was otherwise qualified. As a result, the district court granted summary judgment in favor of the Board on Clement's ADA claim.

To establish a violation of the ADA arising from her difficulties with the Bar examination, Clement was required to show that she was disabled; that she was otherwise qualified for Bar membership; and that the Board blockaded her from membership due to discrimination solely based on her disability. See Doe v. University of Maryland Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995); Tyndall v.

_____

*Clement also appealed the district court's ruling regarding the applicable statute of limitations. Clement contends the district court erred by following this court's opinion in Wolsky v. Medical College of Hampton Roads, 1 F.3d 222 (4th Cir. 1993), and applying a one-year period of limitations. Clement suggests that "`the most analogous' state statute of limitations" would be the Virginia statute for personal injuries because her claim most resembles a claim for tortious interference with a contractual relationship. Wilson v. Garcia, 471 U.S. 261, 268 (1985); see Pandazides v. Virginia Bd. of Educ., 13 F.3d 823, 829 (4th Cir. 1994). Because we conclude that the Board provided Clement with reasonable accommodations with regard to the bar examination, we express no opinion on the merits of Clement's contention with regard to the statute of limitations.

2

National Educ. Ctrs., 31 F.3d 209, 212 (4th Cir. 1994). Given the existence of a disability, which is not at issue in this case, the next question is whether Clement was qualified for membership. See Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 349 (4th Cir. 1996), cert. denied, 65 U.S.L.W. 3781 (U.S., May 27, 1997) (No. 96-1521). Clement, as plaintiff in this ADA case, bears the burden of showing that she was capable of meeting the qualifications for membership with reasonable accommodation. To meet this burden, she must show that a reasonable accommodation by the Board would enable her to pass the bar examination. See Tyndall, 31 F.3d at 213.

It is at this point that the district court concluded that Clement's claim could not survive summary judgment. The Board allowed Clement to take the bar examination six times. Each time, the Board granted Clement's requests for accommodations to minimize her disability's effect on her performance. Moreover, the Board increased the accommodations each time Clement suggested that the prior accommodations had not been sufficient. The Board contacted her law school to determine what accommodations the school had made with regard to her examinations there. After doing so, the Board granted her more time and more rest than she received during law school examinations. Ultimately, on her final attempt to pass the bar examination, Clement was afforded twice the allotted time over a four-day period with three-hour rest periods between the two sessions on each day. The district court did not err in concluding that this was a "reasonable accommodation" of Clement's disability on the part of the Board.

The thrust of Clement's contention on appeal is that the Board acted unreasonably in not granting every accommodation she requested. Before her final attempt at the examination, Clement suggested that she be allowed a full day of rest between each day of testing. The Board offered a reasonable compromise by granting Clement three times the ordinary amount of rest during a testing day combined with twice the total time allotted to other candidates.

Clement also contends that the Board ignored the analysis of Clement's needs performed by Dr. Wayne Pharr, a doctor of optometry, and Shyla Ipsen, the coordinator of the Virginia Commonwealth University Reading/Child Study Center. Dr. Pharr submitted that Clement

3

needed "additional time spread out over additional days with rest breaks." Clement received that accommodation. Similarly, Ipsen recommended that "consideration be given to extending the time . . . beyond the usual time and a half." Clement received more than that extension. The Board did not ignore the suggestions of individuals who had evaluated Clement's abilities.

As a result, we have no difficulty concluding that the district court did not err in granting summary judgment in favor of the Board on the ground that they had provided Clement with "reasonable accommodations." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4